## Adler v. Spector Brothers.

*H. Moskowitz*, for plaintiff; *Rose & Watkins*, for defendant.

ALESSANDRONI, J., February 19, 1931.—In the suit of Morris Adler in trespass for malicious prosecution the jury returned a verdict in favor of the plaintiff on May 16, 1930, in the sum of $1000. Defendant's motion for new trial and judgment *non obstante veredicto* were refused and judgment entered on the verdict on August 12, 1930.

Subsequently, on September 10, 1930, the defendants were allowed a rule to show cause why a judgment in their favor obtained against the plaintiff prior to the rendition of the verdict in this case should not be set off against the plaintiff's judgment of August 12, 1930. The petition for this rule recited that on October 11, 1923, the plaintiff executed a judgment note to the defendants in the sum of $500, with interest, that said note was recorded as of Common Pleas Court No. 4, June Term, 1930, No. 17625, and damages assessed in the sum of $753.75. It further averred that no part of the sum had ever been paid and concluded with the prayer to set off this judgment against that of the plaintiff.

The answer to this petition avers that the entire sum of $500 due on the note was paid prior to the entry of judgment thereon in two instalments, namely, by check dated October 29, 1923, for $200, and by another check dated November 3, 1923, for $300. Photostatic copies of the checks and endorsements thereon are attached to the answer, which show, in addition to the regular endorsements on the back, a notation as follows: "Payable on account of judgment note."

The answer also makes the important averment that proceedings have been instituted in the Court of Common Pleas No. 4 to have the judgment marked satisfied of record. The rule was argued on petition and answer. The facts disclose that the judgment note held by Spector Brothers was dated Octo-

ber 11, 1923; that no action was taken on this note until September 9, 1930, when Spector Brothers entered the note. As may be readily seen, Spector's note was not entered until after the plaintiff had recovered a verdict and entered a judgment thereon in the malicious prosecution action. Examination of the record in the Court of Common Pleas No. 4, June Term, 1930, No. 17625, shows that a rule has been granted to satisfy Spector's judgment. This rule has not yet been disposed of. Spector Brothers are either mistaken or consciously misstating a fact when they state in the title of their petition that the judgment obtained against Adler was entered prior to the rendition of the verdict in this case. It is clear, therefore, that no effort was made to enter judgment on the Spector note until after Adler had entered his judgment on the verdict and after refusal of the motions for judgment *non obstante veredicto* and new trial. Waiving aside these considerations, it is clear to the court that so long as Spector's judgment is under attack and pending the determination of the rule to mark that judgment satisfied, the petitioners have no standing to have their judgment set off against Adler's judgment. It is unnecessary, therefore, to discuss the right to set off one judgment against another, since Spector's judgment is not now in condition to be set off. The rule to set off judgment, therefore, should be discharged.

And now, to wit, February 19, 1931, the rule to set off judgment is discharged.